**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-4497, 10-4777
_____

DEBBY MENDEZ,
Appellant in 10-4497

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY,
Appellant in 10-4777
_____

On Appeal from the United States District Court for the District of New Jersey
District Court No. 2:09-cv-01155
District Judge: The Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 15, 2011

Before: FUENTES and CHAGARES, *Circuit Judges*, and RESTANI,[*] *Judge*

(Filed: December 22, 2011)
_____

OPINION
_____

FUENTES, *Circuit Judge*.


In this appeal, we are asked to determine two issues:  first, whether the District

Court erred in dismissing Appellant Debby Mendez's claim for benefits under her

_____

[*] Hon. Jane A. Restani, Judge, United States Court of International Trade, sitting by
designation.

husband's life insurance contract[1] with American General Life Insurance Company, Cross-Appellant in this case; and, second, whether the District Court correctly held that Debby Mendez was not liable for "knowingly assisting [or] conspiring" to defraud an insurance company under the New Jersey Insurance Fraud Prevention Act, N.J. Stat. Ann. § 17:33A-1 (West 2011). For the reasons set forth below, we affirm.

## I.

Because we write primarily for the parties, we set forth only the facts and history relevant to our conclusion.

On September 26, 2006, Jorge Mendez submitted a life insurance application to American General. That application was approved and American General issued a $1.2 million policy to Jorge on December 6, 2006. In April 2007, Jorge's policy lapsed for failure to pay premiums. American General sent him notice of the termination of his policy and provided him with an application for reinstatement on April 15, 2007. The paperwork Jorge received stated that his policy would be reinstated once Jorge provided evidence that he was still insurable and paid his back-owed premiums. Jorge filled out the form, representing that he had no serious illnesses or cancer and signed it April 20, 2007. The company received the reinstatement papers via facsimile on April 26.

At the time that Jorge filled out the reinstatement application, he neglected to answer Question 4, which asked him to state the "[d]ate, reason, findings, and treatment"

---

[1] Because this case involves contract interpretation, New Jersey law applies.

at his last visit to his "personal physician."[2]  American General appears to have notified Jorge of this error on May 2, when it sent the form back to him for correction and completion.[3]

Between the date Jorge signed the reinstatement application and the date American General informed him of the omission, several developments in his health occurred.  On April 24 Jorge visited a neurologist, who informed him that he needed an MRI of his brain.  On April 27, an MRI revealed that Jorge had a large mass on his left frontal lobe.  On May 2—the day that he received his application back from American General—Jorge was diagnosed with a glioblastoma—an aggressive form of malignant brain tumor—and was told that he required a biopsy.  On May 4, doctors recommended that Jorge have the tumor removed.

When Jorge filled out the remainder of the form in May 2007, he listed his last visit to his personal physician as February 2006, and noted that that physical had returned normal results.  He did not amend his responses regarding any diagnoses for serious illness or cancer, despite his recent diagnoses.  Jorge returned the completed application to American General on May 8, 2007.  Debby Mendez sent a check for all past due

---

[2] While Jorge failed to answer Question 4, he did answer other questions asking whether he had ever been diagnosed with or treated for cancer, tumors or diseases of the brain. He answered all of these questions in the negative.

[3] Though the parties dispute whether American General sent Jorge Mendez the entire reinstatement application or merely the page containing the incomplete Question 4, it is clear that all parties understood that the application was incomplete and could not be granted, pending Jorge's response.

insurance premiums on May 14.  American General cashed that check on May 18 and reinstated Jorge's policy on May 24.

In March 2008, Jorge Mendez passed away.  American General refused to pay out on the benefits of the policy, stating that it was void for misrepresentation.  Debby Mendez, who had been named the beneficiary of the policy, thereafter brought a breach of contract claim under New Jersey law, seeking to collect on the policy.  American General filed a counterclaim for insurance fraud under N.J. Stat. Ann. § 17:33A-1.[4]

Upon motion for summary judgment, the District Court dismissed Debby Mendez's claim, finding that Jorge's reinstatement policy was void ab initio.  It also dismissed American General's counterclaim, finding that the company failed to allege sufficient facts to make out a claim for insurance fraud and that the company's pleadings provided inadequate notice of the claims against Debby Mendez.  This appeal followed.

**II.**

In cases stemming from  a District Court order granting summary judgment, our review is plenary.  *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011); *Doe v. Indian River Sch. Dist.*, 653 F.3d 256, 275 n.7 (3d Cir. 2011) (citing Fed. R. Civ.

---

[4] The New Jersey Insurance Fraud Prevention Act  allows an insurance company to seek damages against any person who "[c]onceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement to (a) any insurance benefit or payment or (b) the amount of any benefit or payment to which the person is entitled."  § 17:33A-4(a)(3).  Similarly, a party may be liable under the act where she "knowingly assist[s], conspire[s] with or urges any person" to violate the provisions of the Act.  § 17:33A-4(b).

4

P. 56(c)). Having reviewed the parties' arguments and submissions, and having considered the well-reasoned analysis of the District Court's opinion in this matter, we discern no reason to differ from the District Court's decision.[5]

In reaching its decision on Mendez's claim, the District Court found that "the same policy reasons that justify the common law duty imposed upon an applicant for insurance to be forthcoming in its initial application" apply equally in the reinstatement context, governed by N.J. Stat. Ann. § 17B:25-19 (West 2011). The Court determined that Jorge failed to provide accurate information up to the date of reinstatement, thus rendering the reinstatement policy void ab initio. *Mendez v. Am. Gen. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 125312 at *9 (D.N.J. Nov. 29, 2010) (citing *Glezerman v. Columbian Mut. Life Ins. Co.*, 944 F.2d 146 (3d Cir. 1991)). Mendez continues to argue on appeal that Jorge's initial submission of the reinstatement application constituted formal acceptance of American General's offer to reinstate the policy, and that the policy was effective as of that date.

We agree with the District Court's conclusions. Specifically, we agree that New Jersey insurance law does not permit individuals applying for reinstatement to knowingly omit material information that they possess from their applications and still retain the benefit of the policy's reinstatement provisions. Likewise, we find the District Court's

---

[5] The District Court had jurisdiction over these claims pursuant 28 U.S.C. § 1332. Because that Court's judgment was final, our review of this case is proper under 28 U.S.C. § 1291.

5

reasoning in dismissing American General's counterclaim to be persuasive and affirm for the reasons stated in its opinion.

## III.

For the foregoing reasons, we will affirm the thorough and persuasive written opinion of the District Court.